1   LIONEL Z. GLANCY (#134180)
2   MARC L. GODINO (#182689)
    CASEY E. SADLER (#274241)
3   **GLANCY BINKOW & GOLDBERG LLP**
4   1925 Century Park East, Suite 2100
    Los Angeles, CA 90067
5   Telephone: (310) 201-9150
6   Facsimile: (310) 201-9160
    E-mail:     info@glancylaw.com
7
8   *Attorneys for Plaintiff*

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12                                        **CV12  07736 ODW  MRWx**

13   GABE WATKINS, on Behalf of Himself    CASE NO.
     and All Other Persons Similarly
14   Situated,

15              Plaintiff,                 **CLASS ACTION COMPLAINT**

16
              v.                           **JURY TRIAL DEMANDED**
17

18   VITAL PHARMACEUTICALS, INC.,
     and GENERAL NUTRITION
19   CENTERS, INC.

20
              Defendants.
21

22

23

24

25

26

27                                        **COPY**

28

Plaintiff Gabe Watkins ("Plaintiff"), by his attorneys, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by and through his attorneys.

## INTRODUCTION

1.  Plaintiff brings this action on behalf of himself and a class of all customers in the United States who purchased Vital Pharmaceuticals, Inc. ("VPX")'s Subject Bars, as defined herein (the "Class").

2.  Plaintiff and the Class have been harmed by VPX's mislabeling and improper marketing of its ZERO IMPACT High Protein Mealbars (the "Subject Bars")[1]. Thus, Plaintiff seeks damages, equitable relief and/or disgorgement.

3.  Plaintiff asserts claims individually and on behalf of others similarly situated under the Unfair Competition Law ("UCL" or "Section 17200'), and Business and Professions Code § 17200, *et seq.* Additionally, Plaintiff alleges that defendants' conduct constituted breach of contract and unjust enrichment.

## JURISDICTION AND VENUE

4.  The amount in controversy exceeds the jurisdictional minimum of this Court.

---

[1] The Subject Bars include VPX's Peanut Butter & Jelly, Pumpkin Supreme, and Chocolate Peanut Butter flavored ZERO IMPACT High Protein Mealbars.

5.     This Court has jurisdiction over VPX and GNC (defined below) (together, "Defendants") named herein because Defendants do sufficient business in California, have sufficient minimum contacts with California or otherwise intentionally avail itself of the markets within California through sales and marketing to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. Defendant GNC also maintains numerous stores within the state of California.  Moreover, this Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10 and Plaintiff further has standing to bring this action pursuant to the UCL and CLRA.

6.     Venue is proper in this Court because the misconduct at issue took place and had effects in this County. Moreover, venue is proper in this County because Plaintiff resides in Los Angeles and Defendant GNC maintains numerous retail stores within this County.

## THE PARTIES

7.     Plaintiff Gabe Watkins purchased the Subject Bars and was damaged by Defendants' mislabeling and improper marketing of the Subject Bars as alleged herein.  Plaintiff Gabe Watkins is currently a resident of Los Angeles, California.

8.     Defendant Vital Pharmaceuticals, Inc. ("VPX"), which distributes sports supplements under the brand name VPX, is a sports nutrition corporation located in

CLASS ACTION COMPLAINT

Florida, United States. Among VPX's better-known products are Redline, Black Pearl, and the Zero Impact and Zero Carb dietary supplements.   VPX's principle executive offices are located at 1600 North Park Drive, Weston, Florida 33326-3210.

9.    Defendant General Nutrition Centers, Inc. ("GNC") is a Delaware corporation with its principle executive offices located at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.   According to GNC, it is the largest global specialty retailer of nutritional products; including vitamin, mineral, herbal and other specialty supplements and sports nutrition, diet and energy products. GNC has more than 4,800 retail locations throughout the United States (including more than 1,000 franchise and 1,200 Rite Aid store-within-a-store locations) and franchise operations in 48 international markets.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated customers of VPX, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).   The proposed Class consists of:

All individuals in the United States who purchased the Subject Bars.

Excluded from the proposed Class are Defendants, their respective officers, directors, and employees, and any entity that has a controlling interest in the Defendants. Plaintiff reserves the right to amend the Class definition as necessary.

CLASS ACTION COMPLAINT

11.    **Numerosity**:    Upon information and belief, the Class comprises thousands of consumers throughout the United States and is so numerous that joinder of all members of the Class is impracticable.    While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff reasonably believes that there are at least tens of thousands of Class members.

12.    **Common Question of Law and Fact Predominate**:    There are questions of law and fact common to the Class, which predominate over any individual issues, including:

(A)    Whether Defendants' practices were deceptive, unfair, improper and/or misleading;

(B)    Whether Defendants engaged in the conduct alleged herein;

(C)    Whether Defendants' conduct as alleged herein constitutes breach of contract;

(D)    Whether Defendants' conduct as alleged herein constitutes unjust enrichment;

(E)    Whether Defendants' conduct as alleged herein violated the California Business & Professions Code § 17200 *et seq.*;

(F)    Whether Defendants' conduct violated the Consumers Legal Remedies Act;

(G)   Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(H)   Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

13.   **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class.   Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

14.   **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Class.   Plaintiff has retained counsel with substantial experience in handling complex class action litigation.   Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

15.   **Superiority of the Class Action**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable.   While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the

CLASS ACTION COMPLAINT

expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Defendants has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

16.    Unless a class is certified, Defendants will retain monies it took from Plaintiff and proposed Class by means of its unlawful conduct.  Unless an injunction is issued, Defendants will continue to commit the alleged violations, and the members of the Class and the general public will continue to be misled.

CLASS ACTION COMPLAINT

## **FACTUAL ALLEGATIONS**

17.     According to VPX, it was founded in 1993 with one goal in mind: "To produce the highest-grade, university proven sports nutrition supplements and performance beverages in the world."  As VPX's website continues:

> VPX delivered on its promise by funding over 15 landmark studies at the top universities in the country including, UCLA. Florida State, Baylor, University of Southern Maine and Memphis Universities et al. VPX continues to update and release new nutrition products, proudly maintaining its distinction as the "Frontrunner in Sports Nutrition." VPX is orchestrated by the world's leading authority, author and developer of performance enhancing supplementation and physique-altering nutrition, Founder and CEO, Jack Owoc.[2]

18.     With the above as their mantra, VPX makes numerous products with a variety of stated health purposes.  For example, the Subject Bars were marketed and sold as meal replacements that had "Zero Impact" on blood sugar and insulin.  Foods that have little or no impact on blood sugar are vital for diabetics, whose bodies do not produce enough insulin to properly regulate the glucose levels in their body.[3]

19.     As the wrapping/labels of the Subject Bars state:

---

[2] http://www.vpxsports.com/our-company/.

[3] Insulin is a hormone, produced by the pancreas, which is central to regulating carbohydrate and fat metabolism in the body. Insulin stops the use of fat as an energy source by inhibiting the release of glucagon. With the exception of the metabolic disorder diabetes and metabolic syndrome, insulin is provided within the body in a constant proportion to remove excess glucose from the blood, which otherwise would be toxic.

Every effort has been made to make sure that the sugars contained in this bar have a minimal impact on blood sugar and insulin. Consequently, the majority of sugars contained in the ZERO IMPACT® High Protein, Meal Replacement Bar (MRB™) are low DE (Dextrose Equivalent) and, therefore, have significantly less impact on blood sugar and glycemic index than most whole grain carbohydrates. This innovation incorporates the use of low glycemic carbohydrates, fiber, high-grade proteins, and naturally occurring essential fats from nuts, seeds, milk proteins and grains. The ZERO IMPACT BAR also contains CLA and Sesamin to maintain healthy blood sugar and insulin levels and reduce body fat. I Jack Owoc, CEO and Chief of Research and Development at VPX, have invested 3.5 years into creating the most scientifically advanced and healthy Protein Bar on the planet. The ZERO IMPACT® MRB™ is a key food source for the ZERO IMPACT Diet™. Mark my word. The ZERO IMPACT dietary concepts are going to be the 21st Century's dominant school of thought regarding rapid fat loss and lean muscle accrual![4]

20.    Additionally, besides simply stating that the Subject Bars were "Zero Impact," the bars front wrappers/labels also all indicated that they had 30 grams of High Grade Protein.

21.    However, the Subject Bars actually contained large amounts of undisclosed sugars and carbohydrates, making them have a substantial impact on blood sugar and insulin. Failing to properly label these sugars and carbohydrates makes the "Zero Impact" labeling both false and misleading. Even more importantly, failing to properly label the Subject Bars makes them dangerous to diabetics.

---

[4]    This information can also be found on VPX's website at http://www.vpxsports.com/muscle-building-supplements/zero-impact-protein-bars.

22.    For example, the Subject Bars all contained glycerin[5] and other sugar alcohols.  Glycerin is a sugar alcohol and carbohydrate that is known to elevate the blood sugar levels in most diabetics.  Thus, the United States Food and Drug Administration (the "FDA") identifies glycerin[6] that is a food additive as a carbohydrate.[7]  Specifically, the FDA requires that the amount of glycerin be included in the products labeling under the category for "total carbohydrates" in the mandatory nutrition label.  Additionally, when a product makes a statement on its labeling or marketing regarding sugar and sugar content, which "Zero Impact" certainly does, the glycerin content per serving must also be declared as a sugar alcohol in the mandatory nutrition label.

23.    Even though VPX clearly knew, or should have known, that glycerin is a carbohydrate and a sugar alcohol, it improperly labeled and falsely marketed the Subject Bars.  Thus, they knowingly and purposefully violated applicable laws and regulations, including those of the FDA, in the sale of the Subject Bars.

---

[5] "99.7 USP glycerin" was included as an ingredient on the packaging of the Subject Bars.

[6] Glycerin is also known as glycerol or glycerine.   In foods and beverages, glycerine serves as a humectant, solvent, and sweetener, and may help preserve foods. It is also used as filler in commercially prepared low-fat foods (e.g., cookies), and as a thickening agent in liqueurs.

[7] Additionally, when used in foods, glycerine also is categorized as a carbohydrate by the American Dietetic Association.

9

CLASS ACTION COMPLAINT

**Plaintiff's Purchase of the Subject Bars**

24.    Plaintiff Gabe Watkins repeatedly purchased the Subject Bars because of their "Zero Impact" labeling.    For example, on August 1, 2012, Plaintiff Gabe Watkins purchased one of the Subject Bars from one of GNC's stores located in Sherman Oaks, California.

25.    Had the Subject Bars been accurately and properly labeled and marketed, he would not have bought the Subject Bars.

26.    Thus, since VPX mislabeled and failed to disclose the true nature of the Subject Bars, and GNC sold the mislabeled Subject Bars, Defendants have improperly deprived Plaintiff of significant funds.

## FIRST CAUSE OF ACTION
### Unfair Business Practices Act
### Cal. Bus. & Prof. Code § 17200 *et seq.*

27.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

28.    The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business or practice.    Cal. Bus. & Prof. Code § 17200, *et seq.*    Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."    The Act also provides for injunctive relief and restitution for violations.

29.    Throughout the Class Period, Defendants committed acts of unfair competition, as defined by Business & Professions Code § 17200, by falsely labeling the Subject Bars.

30.    Defendants' conduct is unfair in that the harm to Plaintiff and the Class arising from it outweighs the utility, if any, of those practices.

31.    Defendants' conduct was fraudulent and likely to deceive reasonable consumers in that Defendants omitted and/or failed to disclose material facts regarding the Subject Bars.  Defendants' failure to disclose the true contents of its Subject Bars constitutes deception by omission.  Defendants had a duty to disclose these material facts.

32.    The facts concealed and omitted are material facts in that a reasonable consumer would have considered them important in deciding whether or not to purchase the Subject Bars.

33.    As a result of Defendants' practices, Plaintiff suffered injury in fact and lost money or property.  As a direct and proximate result of the acts and practices alleged above, pursuant to California Business & Professions Code §17203, Plaintiff and the Class are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices, including, but not limited to, disgorgement of all profits derived from the sale of the Subject Bars; (c) interest at the

highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia,* California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION
### Deceptive Practices
### Consumers Legal Remedies Act, California Civil Code § 1750 et seq.

34.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

35.    At all relevant times, Plaintiff and each proposed Class member was a "consumer," as that term is defined in Civ. Code § 1761(d).

36.    At all relevant times, the Subject Bars constituted "goods," as that term is defined in Civ. Code § 1761(a).

37.    At all relevant times, VPX and GNC were "persons," as that term is defined in Civ. Code § 1761(c).

38.    At all relevant times, Plaintiff's and each proposed Class Member's purchase of a Subject Bar constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

39.    Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants' represented that its Subject Bars characteristics, uses and benefits which they do not have, in violation of § 1770(a)(5) of the CLRA.

40.    Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants improperly represented that its Subject Bars were of a particular standard, quality, or grade, in violation of § 1770(a)(7) of the CLRA.

41.    Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that its goods had characteristics with the intent not to sell them as advertised, in violation of § 1770(a)(9) of the CLRA.

42.    Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that a transaction confers or involves rights, remedies, or obligations which it does not have, in violation of § 1770(a)(14) of the CLRA.

43.    Plaintiff seeks restitution of all monies received by Defendants as a result of its improper sale of the mislabeled Subject Bars as provided in California Civil Code § 1780.  Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial when the same has been ascertained.

44.    Plaintiff seeks injunctive relief for the CLRA claims alleged in this Complaint.  Plaintiff's counsel has served on Defendants, contemporaneously with the filing of this Complaint, a CLRA notice letter in accordance with California Civil Code § 1782(a).  Plaintiff will amend this Complaint to assert claims for additional

relief under the CLRA in the event Defendants do not rectify these issues within the appropriate time period outlined in the CLRA.

### THIRD CAUSE OF ACTION
#### Unjust Enrichment

45.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

46.    To the detriment of Plaintiff and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful acts described herein, and continues to benefit and at the expense and detriment of Plaintiff and members of the Class.

47.    Defendants have benefited from their unlawful acts, and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten gains resulting from the unlawful or wrongful acts described herein.

### FOURTH CAUSE OF ACTION
#### Breach of Contract

48.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

49.    Plaintiff and the members of the Class entered into a contract with Defendants through their purchase of the Subject Bars.

50.     Implied in the contract between customers and Defendants was that the Subject Bars were labeled accurately and properly.

51.     Defendants breached these contracts by mislabeling the true contents of the Subject Bars and/or selling the mislabeled Subject Bars.

52.     As a direct and proximate result of Defendants' breaches of contract, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against Defendants as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with the Defendants, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.     For certification of the putative Class;

3.     For damages, restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair, and fraudulent business practices;

4.     Recovery of the amounts by which the Defendants has been unjustly enriched;

5.     For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California Code of Civil Procedure § 1021.5 and the common law private attorney general doctrine;

7.     For costs of suit; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 10, 2012

**GLANCY BINKOW & GOLDBERG LLP**

By: _____
    Marc L. Godino
Lionel Z. Glancy
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:     info@glancylaw.com

*Attorneys for Plaintiff Gabe Watkins*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### CV12- 7736 ODW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Marc L. Godino (#182689)
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE WATKINS, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>VITAL PHARMACEUTICALS, INC., and GENERAL NUTRITION CENTERS, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12 07736**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Marc L. Godino_____, whose address is _1925 Century Park East, Suite 2100, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___9/10/12_____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GABE WATKINS, Individually And On Behalf of All Others Similarly Situated, | VITAL PHARMACEUTICALS, INC., and GENERAL NUTRITION CENTERS, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Marc L. Godino (182689), Glancy Binkow & Goldberg LLP 1925 Century Park East, Suite 2100, Los Angeles, CA 90067 Telephone: (310) 201-9150 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $ to be proved

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cal. Unfair Bus. & Prof. Code 17200; Cal. Civil Code 1750

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12 07736   COPY

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Gabe Watkins - Los Angeles, County, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Vital Pharmaceuticals, Inc. -- Florida<br>General Nutrition Centers, Inc. -- Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____        Date   September 10, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |